**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-10433

(Summary Calendar)

_____

WILBERT RAY ADAMS,

                              Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, Reception and Diagnostic
Center; TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
ROBERTSON UNIT, Classification Committee; H D
SHAFFER, Dr; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE - ROBERTSON UNIT, Mail Room; YBARRA,
Sgt.; TDCJ, PARDON AND PAROLE DIVISION;
STEWART, Officer; FUENTES, Officer,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 1:96-CV-186

_____

December 16, 1997

Before WEINER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Wilbert Ray Adams, Texas prisoner # 629929, appeals the judgment of the district court dismissing his civil rights action as frivolous. He contends, succinctly, that the district court erred in treating all of the incidents as separate claims and ruling that the claims were barred by the statute of limitations. Adams argues that the theory of his civil rights action was that there was a racially motivated conspiracy to retaliate against him for exercising his right of access to the courts.

"[A]ny cause of action against the defendants accrued as soon as [Adams] knew or should have known of the overt acts involved in the alleged conspiracy." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). Given the facts presented in the complaint, Adams knew or should have known about the alleged conspiracy more than two years before he filed his complaint on May 13, 1996. All of his claims except those related to his convictions for delivery of drugs and forgery are time-barred. To the extent that a judgment in favor of Adams would necessarily imply the invalidity of those convictions or sentences, his claim is not cognizable because there is no showing that the convictions or sentences have been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). Moreover, Adams' complaint did not contain any facts indicating the existence of an agreement, nor did it demonstrate any type of collusion among the defendants. *See Way v. Mueller Brass Co.*, 840 F.2d 303, 308 (5th Cir. 1988) (holding that "'bald

-2-

allegations' of an agreement do not suffice" to show conspiracy).

The district court did not abuse its discretion in dismissing the action as frivolous. Adams' appeal is without arguable merit. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.