IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-10125
Summary Calendar

JANE DOE

Plaintiff-Appellant

V.

AMERICAN AIRLINES

Defendant-Appellee

Appeal from the United States District Court for the
Northern District of Texas, Dallas Division
USDC No. 3:03-cv-745

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this appeal, Plaintiff-Appellant Jane Doe ("Appellant") appeals from the district court's dismissal of her claims for failure to comply with discovery orders. For the reasons below, we affirm.

I.

Appellant brought failure to accommodate, hostile work environment, and retaliation claims against American Airlines, Inc. ("AA") under Title VII of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. During the course of this case, which was filed on April 11, 2003, both parties were admonished by the district court for their failure to diligently prosecute and defend. In multiple scheduling orders, the district court warned that any further failure to comply with court orders would subject either party to sanctions, including dismissal of a party's claims.

AA served discovery requests on Appellant seeking, inter alia, medical records and information regarding Social Security disability benefits. Appellant did not produce any Social Security or medical records, nor did she execute authorizations to allow AA to obtain the documents. AA attempted unsuccessfully to contact Appellant multiple times regarding the discovery request, but Appellant was not responsive, so AA subsequently filed an Expedited Motion to Compel and Supporting Brief. On November 8, 2006, a magistrate judge issued an order compelling Appellant to, prior to November 20, 2006, provide AA with signed authorizations for her medical and psychological records. Appellant did not appeal, timely object to, or comply with this order. AA again attempted to contact Appellant multiple times regarding her failure to provide the signed authorizations, but Appellant was not responsive. AA then filed an Expedited Motion for Sanctions and Supporting Brief, requesting that the district court dismiss Appellant's claims with prejudice for failing to comply with the magistrate judge's November 8, 2006 order.

On December 8, 2006, the magistrate judge, after giving advance notice, held a telephone conference; Appellant failed to call in for this conference as directed. On December 11, 2008, the magistrate judge found that in light of the history of the case, Appellant's failure to comply with the November 8, 2006 order, Appellant's failure to appear for the telephone conference, and the fact that Appellant had been warned many times by the district court and the

magistrate judge that such conduct would subject her to dismissal of her claims, the magistrate judge recommended dismissal of Appellant's claims without prejudice. The district court accepted the magistrate judge's findings and conclusions, and, after independently reviewing the record, concluded that Appellant had engaged in bad faith, contumacious conduct and dismissed her suit with prejudice. Appellant timely appealed.

## II.

## A.

We have no jurisdiction to review a magistrate judge's discovery order because it is not a final order under 28 U.S.C. § 1291. Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 219–20 (5th Cir. 2000) (citations omitted); see also Glover v. Alabama Bd. of Corr., 660 F.2d 120, 122 (5th Cir. Unit B Oct. 1981) ("Only a district court can make a magistrate's decision final, and therefore appealable.") (citations omitted). Our review of the underlying discovery order is deferential: "The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party." Hastings v. North East Indep. School Dist., 615 F.2d 628, 631 (5th Cir. 1980); see also Baker v. Am. Airlines, Inc., 430 F.3d 750, 753 (5th Cir. 2005) (reviewing for abuse of discretion a district court's imposition of sanctions for failure to comply with a discovery order).

## B.

To the extent that Appellant attacks the November 8, 2006 magistrate discovery order, arguing that she should not have to produce the documents in question because the documents are irrelevant and privileged, Appellant's argument must fail because this Court has no jurisdiction to review the magistrate judge's discovery order which Appellant never challenged in the district court. If the district court does not consider and rule on objections to a magistrate order, then the order is not final and cannot be appealed to this

Court. Alpine View, 205 F.3d at 219–20. The only question properly before us on this appeal is whether the district court abused its discretion in dismissing Appellant's suit with prejudice.

We have previously deemed dismissal with prejudice to be a "draconian remedy" and a "remedy of last resort." FDIC v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting Batson v. Neal Spelce Assoc., Inc., 765 F.2d 511, 515 (5th Cir. 1985). "[S]anctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." Id. (quoting EEOC. v. Gen. Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993)). "When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice." Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233, 1237 (5th Cir. 1984) (footnote omitted). Thus, several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. Conner, 20 F.3d at 1380–81 (quoting Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990)); see also Coane, 898 F.2d at 1032 (citing Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744 (5th Cir. 1987)).

Here, Appellant has repeatedly failed to cooperate with the district court and the magistrate judge with respect to her ordered discovery obligations. Appellant had been warned multiple times by the district court that any further failure to comply with court orders would result in possible dismissal of her claims. The magistrate judge ordered Appellant to sign requested authorizations by November 20, 2006, and warned Appellant again that failure

to do so would subject her to dismissal of her lawsuit for failure to prosecute. Not only did Appellant fail to comply with the magistrate judge's order, in her briefs to this Court Appellant now indicates that she will continue to refuse to comply with her discovery obligations.

It is clear that Appellant has demonstrated a pattern of intentional delay and contumacious conduct, noncompliance with the magistrate judge and the district court, and a general refusal to cooperate in the discovery process. Since Appellant is pro se, her actions are hers alone and not attributable to her counsel. This conduct, additionally, prejudiced AA because it has prevented timely and appropriate preparation for trial. Finally, a less dramatic sanction would not achieve the desired deterrent effect because Appellant has indicated she has no intention of complying with the discovery order in question. Appellant, warned multiple times that her failure to comply with court orders could result in dismissal of her claims, continued and continues to refuse to comply. Thus, the district court did not err in dismissing Appellant's suit with prejudice. This "remedy of last resort" was appropriate under these circumstances.

III.

For the foregoing reasons we affirm the dismissal of Appellant's claims with prejudice.[1]

AFFIRMED.

---

[1] We deny all pending motions.