# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-30041
Summary Calendar

WILLIAM M. BRYSON, JR.

Petitioner-Appellant

v.

UNITED STATES OF AMERICA and WARDEN MENIFEE

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-cv-1256

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:

William M. Bryson, Jr., a federal prisoner convicted of conspiracy to commit money laundering and sentenced to 188 months imprisonment, appeals the involuntary dismissal with prejudice of his federal habeas petition under Fed. R. Civ. Pro. 41(b). Because Bryson is a repeat filer of facially deficient habeas petitions, we affirm.

On July 24, 2007, Bryson filed a pleading seeking habeas relief entitled "Complaint Of A Conspiracy Sentencing Fraud." The magistrate judge found the petition's format deficient and allowed Bryson 30 days to file a conforming petition on court-approved forms. Bryson was warned that failure to comply

would result in his pleadings being stricken. Bryson instead filed seven different rambling memoranda.[1] To the extent discernible, these documents asserted essentially the same arguments as the original deficient petition. On January 2, 2008, the district court dismissed Bryson's complaint with prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the magistrate judge's order, and this appeal followed.

This court reviews a Rule 41(b) dismissal for failure to comply with a court order for abuse of discretion. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996), but a Rule 41(b) dismissal is appropriate where there is a "clear record of delay or contumacious conduct by the plaintiff, . . . , and when lesser sanctions would not serve the best interests of justice." Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1521 (5th Cir. 1985). Where this court has affirmed 41(b) dismissals, it has usually found one or more of the following aggravating factors: "(1) delay attributable to the plaintiff, not to his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct." Id.

The dismissal with prejudice entered here might be an abuse of discretion were this Bryson's only attempt to file a conforming habeas petition, but his serial filings present a clear record of contumacious conduct and delay. This court may "take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction." Moore v. Estelle, Jr., 526 F.2d 690, 694 (5th Cir. 1976). In total, Bryson has filed 16 habeas petitions.[2] No

---

[1] Bryson filed these documents on August 15, 2007, September 10, 21, 26, October 5, and December 27. Bryson attempted to appeal on September 12.

[2] Bryson has filed nine petitions in courts outside of this Circuit. Before his conviction, he filed two petitions in the District of South Carolina: 8:01-cv-02795 on June 28, 2001, and

court has ever determined the legality of his sentence. In other words, 28 U.S.C. § 2244(a), which bars successive petitions, has never been applied.

He filed seven of these 16 petitions in the Western District of Louisiana, and this appeal arises from his fourth in that court. Bryson does not make any different arguments now than he did in the appeal this court addressed in Bryson v. Menifee, 271 Fed. App'x 402 (5th Cir. 2008) (issued March 25, 2008). There, this court affirmed the dismissal of two § 2241 petitions for failing to demonstrate the inadequacy of a remedy under 28 U.S.C. § 2255 and for failing to show that his claims arose under that section's savings clause.[3] While that appeal was pending, he filed four more deficient habeas petitions.[4] He filed yet another after Bryson v. Menifee was decided.[5]

---

6:02-cv-00040 on January 8, 2002. While his direct appeal was pending, he filed five habeas petitions and a petition for a writ of coram nobis: 6:02-cv-02539 on July 30, 2002; 8:02-cv-02634 on August 7; 6:02-cv-02883 on August 29; 6:02-cv-03594 on October 31; 8:03-cv-00706 on March 3, 2003; and 8:03-cv-02721 (coram nobis petition) on August 26, 2003. In addition, Bryson filed 1:06-cv-00233 in the Northern District of Georgia on February 2, 2006.

[3] Bryson filed 1:06-cv-00366 on March 8, 2006, and 1:06-cv-01426 on January 29, 2007. They were consolidated on appeal.

[4] On June 14, 2007, Bryson filed 1:07-cv-01043. The court ordered him to submit a pleading using the approved forms. He did not comply with this order, instead submitting nonconforming memoranda repeating the same claims. The court dismissed that petition with prejudice on January 2, 2008. Bryson appealed, but failed to file a brief. On July 24, 2007, he filed 1:07-cv-01256, the subject of this appeal. He filed 1:07-cv-01830 in the district court on November 1, 2007. Again, Bryson received a deficiency order, but failed to follow the instructions. His petition was dismissed with prejudice on March 3, 2008. He filed 1:08-cv-00142 on January 25, 2008. After failing to comply with another deficiency order, the court dismissed his petition with prejudice on March 26, 2008. The court also fined Bryson $100 and ordered that he seek leave of the court before attempting any future filings.

[5] After this Court decided Bryson v. Menifee, Bryson filed 1:08-cv-00960 on June 25, 2008. He labeled the pleading as a request for documents related to his sentencing, but it was, in essence, another petition for a writ of habeas corpus. His appeal of this dismissal is currently pending (08-30891).

Bryson clearly is not deterred by lesser sanctions such as dismissals without prejudice. After the lower court dismissed his sixth petition, it fined him for repeatedly filing deficient habeas petitions, and yet he filed still another. Dismissing this petition with prejudice was therefore not an abuse of discretion.

AFFIRMED.