# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2010

No. 09-50938
Summary Calendar

Lyle W. Cayce
Clerk

REVEREND PAUL BENJAMIN CHUKA AYIKA,

Plaintiff - Appellant

v.

JOHNNY SUTTON; DAVID ROSADO; FEDERICK REYNOLDS; SHANNA
L. BEAULIEU,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC 3:09-CV-00171-DB

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Paul Benjamin Chuka Ayika filed his pro se complaint in the district court on May 15, 2009. He thereafter filed four executed summonses with the district court—one for each defendant. The executed summonses listed Ayika as the process server; alleged that he served process on the defendants via certified mail, return receipt requested, sent to their places of employment (the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50938

United States Attorney's Office for the Western District of Texas and the FBI's El Paso Office) on May 28, 2009, and June 13, 2009; and included return receipts that did not bear the defendant's signatures.[1]   On September 16, 2009, the district court issued an order to show cause that directed Ayika to explain why it should not dismiss the action for failure to properly serve process.  After receiving Ayika's response, the district court dismissed the action without prejudice on October 9, 2009, pursuant to Federal Rule of Civil Procedure 4(m). Ayika appeals.

Ayika's initial brief wholly fails to address any legal issues relevant to his appeal, including whether he adequately served process on the defendants or whether the district court should have dismissed his case.  It is axiomatic that "[a]n appellant abandons all issues not raised and argued in its *initial* brief on appeal." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).  Although Ayika at least identifies points of error in his reply brief, Ayika has waived these arguments for failing to present them in his initial brief.  *See Piney Woods Country Life Sch. v. Shell Oil Co.*, 905 F.2d 840, 854 (5th Cir. 1990); *see also Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir. 1993) ("This Court will not consider a claim raised for the first time in a reply brief.").

In any event, and alternatively, we find no error in the district court's dismissal of this case without prejudice.  Federal Rule of Civil Procedure 4(e) provides that a plaintiff may serve process on an individual in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

---

[1] On July 22, 2009, the United States Department of Justice informed Ayika that it believed his attempted service was insufficient and advised him of the proper methods by which he could effectuate service.  Ayika was also advised that the defendants "await proper service," meaning that they did not waive service.

No. 09-50938

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Ayika did not serve process using any of the methods established in Rule 4(e)(2). Accordingly, Ayika's attempted serve of process was sufficient only if it complied with Texas state law.

Texas law authorizes service of process via registered or certified mail, with return receipt requested. Tex. R. Civ. P. 106(a)(2). The return receipt must bear the "addressee's signature." Tex. R. Civ. P. 107. In this case, service was addressed to the defendants personally, but their signatures do not appear on the return receipts. Thus, Ayika's attempted service was insufficient under Rule 4. We further note that, although the defendants apparently had actual notice of the insufficient service, the "defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* As the district court correctly explained, Ayika failed to present any reasons why it should extend the time period for filing service, instead arguing only that he properly served the defendants. We thus find no abuse of discretion in the district court's decision to dismiss Ayika's

3

action without prejudice. *See Triana v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990) (reviewing the district court's dismissal of a complaint upon lack of service for abuse of discretion).

Accordingly, we AFFIRM the judgment of the district court.