# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

Lyle W. Cayce
Clerk

No. 10-60088
Summary Calendar

JOHN-DANIEL MARTIN, III, also known as John Daniel Martin, III,

Petitioner-Appellant

v.

BRUCE PEARSON; BUREAU OF PRISONS,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:09-CV-141

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

John-Daniel Martin, III, federal prisoner # 23201-034, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal without prejudice of his 28 U.S.C. § 2241 petition. The district court dismissed his action because he failed to comply with the court's orders to pay the filing fee through the use of legal tender. *See* FED. R. CIV. P. 41(b).

Martin has shown that he is a pauper for purposes of this appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). We dispense, however, with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60088

further briefing and, for the reasons stated below, affirm the district court's judgment.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order. Rule 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Here, the record shows that Martin did not comply with the court's orders to pay the filing fee through the use of legal tender. Before this court, Martin provides no explanation of his failure to comply with the court's orders. He does, however, contend that he should have been allowed to proceed IFP because he was granted IFP status three months earlier in another habeas case. In light of the higher balance in his prison account at the time the instant petition was filed, Martin is unable to establish that the payment of the filing fee in the district court would cause undue hardship or a deprivation of life's necessities. *See Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948) (nonprisoner action).

Because Martin failed to comply with orders issued by the district court, the without-prejudice dismissal of his habeas petition was not an abuse of discretion. *See McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir. 1988). Accordingly, the judgment of the district court is AFFIRMED.