# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2022

Lyle W. Cayce
Clerk

No. 21-10496
Summary Calendar

Richard A. Dunsmore, *individually*, *and as a resident of the* Texas Civil Commitment Center,

*Plaintiff—Appellant*,

*versus*

Christine Kenyon, *Psy. D in her individual capacity*, *and as contracted clinical examiner for the* Texas Civil Commitment Office,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-544

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Richard A. Dunsmore, resident # 06526120 at the Texas Civil Commitment Center, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights suit against Dr. Christine Kenyon.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Dunsmore is civilly committed under Texas law as a sexually violent predator (SVP), and Kenyon was the expert who examined him for a biennial review of his civil commitment. Dunsmore also moves for the appointment of counsel and has filed an appellate brief.

By moving to proceed IFP here, Dunsmore is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Dunsmore contends that the district court's application of the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), was erroneous because his amended complaint withdrew all of his 42 U.S.C. § 1983 claims. Regarding the district court's alternative determination that he failed to state a coherent legal theory as to how Kenyon violated his constitutional rights, Dunsmore argues that the district court erroneously conflated Texas's procedures for biennial reviews with the procedures applicable to the initial trial for an SVP civil commitment. Dunsmore also reiterates his allegations that Kenyon's report on his biennial exam was faulty, he did not have an opportunity to challenge her report, she engaged in a conspiracy to keep him confined perpetually, and Texas's civil commitment scheme is unconstitutional.

We may affirm the district court's decision on any basis supported by the record. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). We need not reach the district court's grounds for dismissal because the appeal presents no nonfrivolous issues for the reasons below. Given the withdrawal of his § 1983 claims, the only federal claims asserted in Dunsmore's amended complaint were a 42 U.S.C. § 1985 claim of conspiracy to interfere with his

civil rights and a 42 U.S.C. § 1986 claim of neglect to prevent a conspiracy to violate his civil rights. "Plaintiffs who assert conspiracy claims under the civil rights statutes must plead the operative facts showing a prior illegal agreement, and bald allegations of an agreement do not suffice." *Way v. Mueller Brass Co.*, 840 F.2d 303, 308 (5th Cir. 1988) (internal quotation marks and citation omitted).

Dunsmore does not provide specific facts supporting his allegations that Kenyon purposefully authored a report adverse to him because she was controlled by the Texas Civil Commitment Office (TCCO) as its paid expert or that she and the TCCO had an arrangement to keep SVPs confined perpetually. Such speculative and conclusory allegations are insufficient to state a conspiracy claim under § 1985. *See Cantu v. Moody*, 933 F.3d 414, 420 (5th Cir. 2019); *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019). Because a valid § 1985 claim is a prerequisite to a § 1986 claim, Dunsmore also failed to state a claim under § 1986. *See* § 1986; *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010). Accordingly, the district court's dismissal of the case pursuant to 28 U.S.C. § 1915(e)(2)(B) does not present a nonfrivolous issue for appeal.

The instant appeal is without arguable merit and is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. Dunsmore's motions to appoint counsel and proceed IFP are DENIED.