United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2026

Lyle W. Cayce

Clerk

# United States Court of Appeals for the Fifth Circuit

———————

No. 25-10673

———————

Margaret M. Woods,

*Plaintiff—Appellant*,

*versus*

STS Services, L.L.C., *also known as* STS Services,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-2745

———————————————————

Before Elrod, *Chief Judge*, and Smith and Wilson, *Circuit Judges*.
Jerry E. Smith, *Circuit Judge*:

Margaret Woods, proceeding *pro se*, sued her former employer, STS Services, L.L.C. ("STS"), after she was fired. The district court dismissed Woods's successive complaints for failure to state a claim. Woods appeals the dismissal of her Third Amended Complaint. We affirm.

I.

Woods alleged breach of contract, race and sex discrimination under Title VII, and race discrimination in violation of 42 U.S.C. § 1981. After Woods filed an Amended Complaint, the district court granted STS's

motion to dismiss for failure to state a claim but provided Woods 28 days to file a Second Amended Complaint.

Woods filed her Second Amended Complaint 21 days late.  STS filed a motion to dismiss the Second Amendment Complaint for failure to state a claim, which the district court granted.  Once again, the district court provided Woods 28 days to file a Third Amended Complaint.

Woods timely filed her Third Amended Complaint, which abandoned the breach of contract and § 1981 claims, leaving only the Title VII claims.  In her Third Amended Complaint, Woods alleged that she was fired from STS because she is a black woman and was replaced by white men.  STS filed a motion to dismiss the Third Amended Complaint for failure to state a claim, which the district court granted.  Once again, the district court provided Woods 28 days to file a Fourth Amended Complaint.

Over four months after the deadline, Woods had not filed a Fourth Amended Complaint.  The district court dismissed with prejudice, entered judgment for STS, and assessed costs against Woods, who appeals.

## II.

We review a dismissal for failure to state a claim *de novo*.  *Jones v. Adm'rs of Tulane Educ. Fund*, 51 F.4th 101, 109 (5th Cir. 2022).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Because Woods proceeds *pro se*, however, we must "liberally construe" her complaint. *Tucker v. Gaddis*, 40 F.4th 289,

No. 25-10673

292 (5th Cir. 2022) (per curiam).

### III.

Woods asserts the district court erred in dismissing her Third Amended Complaint for failure to state a claim.

To establish a *prima facie* case under Title VII at the motion to dismiss stage, a plaintiff must plead that he "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507 (5th Cir. 2024) (citation omitted); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Although plaintiffs "do not have to submit evidence to establish a prima facie case of discrimination at this stage, they must plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make their case plausible." *Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016) (citation modified).

Woods failed to plead in her Third Amended Complaint that she was qualified for the position. Though she pleaded that she was replaced by three white men, she failed to provide any detail on her qualifications. The district court indicated that the Second Amended Complaint had adequately pleaded Woods's qualifications but that the Third Amended Complaint had not incorporated the Second Amended Complaint. But even assuming that the Third Amended Complaint incorporated the Second Amended Complaint, Woods has forfeited any incorporation argument by failing to brief it.

The district court provided guidance on how to cure this deficiency and gave Woods the opportunity to file a Fourth Amended Complaint. Woods, however, did not accept the district court's generosity. Not only did she fail to cure the deficiencies in her Third Amended Complaint, but she

3

No. 25-10673

failed to file a Fourth Amended Complaint.  Because Woods did not suffi-
ciently plead that she was qualified for the position, she failed to state a
Title VII claim.

Given Woods's repeated failure to state a claim, along with her failure
to submit a Fourth Amended Complaint, the district court did not abuse its
discretion in dismissing the Third Amended Complaint with prejudice.  *See*
*Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam)
(explaining that a clear record of delay may give rise to dismissal with preju-
dice, a decision we review for abuse of discretion).

AFFIRMED.