# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2026

Lyle W. Cayce
Clerk

No. 25-50616
Summary Calendar

———————————

Donna Mortel,

*Plaintiff—Appellant*,

*versus*

George Nowicki; Scott McClung,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-817

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff–Appellant Donna Mortel appeals the dismissal of her suit against Defendants–Appellees George Nowicki and Scott McClung. Also before the Court are Nowicki and McClung's motion for sanctions and Mortel's motions to vacate the decision of the district court and motion to strike the Appellees' opposed motion to sanction. For the reasons explained

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

below, all motions are DENIED, and the district court's judgment is AFFIRMED.

## I.

On July 15, 2025, Mortel filed suit against Nowicki and McClung for allegedly leasing her an uninhabitable home, claiming jurisdiction under both 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity). The next day, Nowicki and McClung filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(5) for insufficient service of process. They argued that the court lacked jurisdiction because, contrary to Mortel's assertion, the case did not arise under the Fair Housing Act, 42 U.S.C. § 3617, and the amount in controversy did not exceed $75,000. As to insufficient service, they argued that Mortel's emailed service did not abide by Rule 4. They explained that Mortel did not personally serve them, she did not obtain a court order for substitute service, and she did not serve a summons issued by the Clerk with her complaint.

The day after, on July 17, Mortel filed a "Verified Notice of Proof of Service by Electronic Mail and Affirmation of Consent to Substituted Service, Expressly Agreed to by Defendants." She explained that she effected service through electronic mail, and that Nowicki and McClung "expressly consent to substituted service by email" because they had failed to object within the time frame she gave them in the "Verified Affidavit" she sent them on July 11.

On July 21, the district court entered an order setting an in-person status conference and hearing on all pending motions for July 29. The day after the order was entered, Mortel filed a motion to vacate the order setting the status conference, arguing that the district court lacked jurisdiction to set a status conference for a number of reasons, including: (1) the court could not

set a hearing until it ruled on the pending motions, (2) the court was a court in equity, not a "statutory 'status conference' forum," and (3) the status conference was procedurally void and ultra vires. Mortel then filed a motion for summary judgment, as well as a "Verified Notice of Non-Consent to Jurisdiction and Non-Appearance."

The district court held its status conference on July 29, 2025, to which Mortel stayed true to her filings and did not appear. The district court ruled from the bench to dismiss the case for failure to properly serve the defendants, and failure to properly prosecute and appear for a court hearing. The district court entered a text order granting the motion to dismiss for insufficient service under Rule 12(b)(5), denying as moot the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), and dismissing the case for failure to prosecute and failure to comply with a court order under Rule 41(b). The district court then entered a final judgment, dismissing the case without prejudice for insufficient service under Rule 12(b)(5) and failure to prosecute and failure to comply with a court order under Rule 41(b). Mortel timely appealed.

## II.

We review a dismissal for failure to prosecute, failure to comply with a court order, and insufficient service of process under the abuse of discretion standard. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 311 (5th Cir. 2024) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008)). Federal Rule of Civil Procedure 41(b) "authorizes the

No. 25-50616

district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs*, 905 F.3d at 844.

## III.

To start, Mortel asserts in her brief that the district court "lost authority to proceed" with the status conference after she filed her notice of non-consent and non-appearance, and that she had been active in her case by filing "over a dozen verified filings." But there is no dispute that Mortel did not attend the status conference—despite a court order. And her arguments on appeal, rooted in sovereign citizen beliefs, are unavailing. Mortel claims that the district court lost its authority over her, but she chose to file suit in federal court and thereby consented to jurisdiction of the court. The notion that district courts lose jurisdiction by scheduling a routine status conference is patently frivolous. *Cf. Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam) (dismissing complaint relying on "meritless legal theories associated with the sovereign citizen movement" as "frivolous and entirely without merit"). "Failure to attend a hearing is a critical default." *McCullough v. Lynagh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Therefore, the lesser sanction of dismissal without prejudice[1] was not an abuse of discretion.[2] *See Martin v. Pearson*, 405 F. App'x 859 (5th Cir. 2010) (per curiam). "In such circumstances trial courts must be allowed leeway in the difficult task of keeping their dockets moving." *McCullough*, 835 F.2d at

_____

[1] "Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008).

[2] We note that the statute of limitations does not bar the refiling of Mortel's claim; therefore, the dismissal did not act as one with prejudice. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021).

1127. Especially in a situation such as here, where Mortel refuses to attend court-ordered hearings or accept the court's jurisdiction over her claims—despite filing her case in federal court.

Second, Mortel argues that Nowicki and McClung agreed to service by email. Mortel claims that because she sent Nowicki and McClung a Verified Affidavit in which she provided that email was a reasonable means of service, and they did not timely object to this pronouncement, their silence constituted tacit agreement to email service. She cites Texas Rules of Civil Procedure 106(b)(2), Federal Rule of Civil Procedure 4(f)(3), and the Uniform Commercial Code as support for her position. Nowicki and McClung argue on appeal that Mortel's theory of "service by acquiescence" is legally baseless and that she failed to comply with Rule 4(e).

It appears there is no dispute that Mortel did not comply with Rule 4(e), which provides the requirements for service of an individual within a judicial district of the United States and does not include a provision for service by email. *See* Fed. R. Civ. P. 4(e). Further, Mortel's arguments that email service is proper under the Texas Rules of Civil Procedure 106(b)(2)—applicable through Rule 4(e)(1)—or Federal Rule of Civil Procedure 4(f)(3) are unavailing.[3] First, the Texas Rule of Civil Procedure 106(b) allows a court to authorize email service *only if* the plaintiff files a motion supported by a sworn statement listing failed attempts at standard service; no such motion was filed here. Tex. R. Civ. P. 106(a). Second, Federal Rule of Civil Procedure 4(f)(3) applies when the person to be served is "not within any judicial district of the United States." Fed. R. Civ. P. 4(f)(3). The defendants are clearly within a judicial district of the United States.

---

[3] The Uniform Commercial Code does not govern service.

"A district court . . . has broad discretion to dismiss an action for ineffective service of process[.]" *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). It is undisputed that Mortel did not abide by Rule 4(e), and her arguments in support of service by email are inefficacious; therefore, the district court did not abuse its discretion in dismissing Mortel's complaint for ineffective service. *See Ayika v. Sutton*, 378 F. App'x 432, 433–34 (5th Cir. 2020) (per curiam) (unpublished).

In sum, whether under Rule 41(b) or Rule 12(b)(5), the district court's dismissal of Mortel's complaint did not abuse its discretion and we AFFIRM its judgment.

## IV.

Also before us is Nowicki and McClung's motion for sanctions, wherein they argue that Mortel's appeal is frivolous, and Mortel's motion to vacate the decision of the district court and motion to strike. We begin with Nowicki and McClung's sanctions motion.

Though Nowicki and McClung are correct that the appeal is frivolous, we decline to order sanctions at this time because Mortel is *pro se* and it does not appear that she has received a prior sanction warning. *Cf. Watson*, 829 F. App'x at 629 ("Because he has not heeded a previous sanction warning, we sanction Watson[.]"); *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 315 (5th Cir. 2020) ("Ours is at least the third judicial notice Anderson has been given regarding her frivolous filings."); *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987) ("While we do not lightly impose sanctions at any time, we are particularly cautious when the appellant appears pro se.").

Accordingly, Nowicki and McClung's motion is DENIED. However, Mortel is WARNED that filing further frivolous appeals or otherwise abusive filings may subject her to sanctions, including monetary

6

sanctions and restrictions on access to federal courts. *See* FED. R. APP. P. 38.

Regarding Mortel's motion to vacate, for the reasons elaborated above, the district court's judgment was proper; therefore, her motion is DENIED. As for her motion to strike, it is DENIED as frivolous.

\*\*\*

In all, the district court did not abuse its discretion when it dismissed Mortel's case; we therefore AFFIRM the district court's judgment. Furthermore,

IT IS ORDERED that Appellant's motion to vacate the decision of the District Court is DENIED.

IT IS FURTHER ORDERED that Appellees' opposed motion to sanction Appellant pursuant to Federal Rule of Appellate Procedure 38 is DENIED, but Mortel is WARNED against further frivolous appeals.

IT IS FURTHER ORDERED that Appellant's motion to strike the Appellees' opposed motion to sanction Appellant pursuant to Federal Rule of Appellate Procedure 38 is DENIED.