# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 26-20035
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2026

Lyle W. Cayce
Clerk

Kisha Peters,

*Plaintiff—Appellant*,

*versus*

Banner Health, *doing business as* BHT Banner Health of
Texas,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-772

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In March 2020, Kisha Peters sued her former employer, Banner
Health, alleging employment discrimination and retaliation under Title VII
of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. The next month, Peters
began representing herself *pro se*.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-20035

Over the ensuing two years, Peters filed a constant stream of motions and other papers that "strain[ed] the [district] [c]ourt's ability to manage its docket efficiently." After a four-month span in which she filed fifty-five motions, the court ordered that Peters "must request leave of court before filing any Motion, Notice, Request, or any other document." Peters repeatedly violated this and other explicit court orders by filing discovery requests without seeking leave of court and filing motions exceeding a court-ordered page limit. She also ignored court instructions to cease filing motions containing legal citations and quotations hallucinated by generative artificial intelligence. The court repeatedly struck her motions and discovery filings for failing to comply with its orders. Peters' conduct was so disruptive that the magistrate judge observed in a December 2025 discovery hearing that Peters was "excessively using Court resources" and had made it "impossible to litigate this case."

Peters' conduct culminated in December 2025 when she refused to sit for a court-ordered follow-up deposition. She had sat for an initial deposition on December 3, 2025, but continually objected and refused to answer questions in what the court described as a "calculated campaign of obstruction." At a hearing on December 8, the magistrate judge ordered Peters to sit for a follow-up deposition on December 12 and extended the discovery deadline to that date. Peters refused to appear for the follow-up deposition and invited Banner to seek dismissal. On December 15, Banner moved for dismissal of the case under Federal Rules of Civil Procedure 37(b) and 41(b).

The magistrate judge issued a twenty-three-page memorandum detailing Peters' long record of misconduct and recommending dismissal. After reviewing this and Peters' objections, the district judge adopted the recommendation and dismissed the case.

No. 26-20035

Peters appeals.

We review for abuse of discretion a dismissal with prejudice under Federal Rule of Civil Procedure 37(b)(2) or 41(b). *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (Rule 41(b)); *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (Rule 37(b)(2)). We review underlying findings of fact for clear error and underlying conclusions of law de novo. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000).

Peters raises five issues. She argues the district court (1) abused its discretion by dismissing under Rule 41(b) absent a record of delay or contumacious conduct; (2) abused its discretion by dismissing under Rule 37(b) without explicit findings of willfulness or bad faith or considering lesser sanctions; (3) erred by dismissing without finding substantial prejudice to defendant; (4) did not conduct the required *de novo* review of the magistrate judge's recommendation under Federal Rule of Civil Procedure 72(b)(3) and 28 U.S.C. § 636(b)(1); and (5) exceeded its discretion by dismissing without reaching the merits. We disagree on each point.

First, the district court did not abuse its discretion by dismissing under Rule 41(b) or 37(b).[1] "[A] Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct[2] by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice."[3] *Bryson v.*

---

[1] The Rule 41(b) and 37(b) factors are similar and courts often analyze them together. *See Pegues v. PGW Auto Glass, LLC,* 451 F. App'x 417, 417–18 (5th Cir. 2011).

[2] Contumacious conduct is that which evinces "stubborn resistance to authority." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008).

[3] In affirming dismissals under Rule 41(b), we "ha[ve] usually found one or more of the following aggravating factors: '(1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct.'" *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (quoting *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

*United States*, 553 F.3d 402, 403 (5th Cir. 2008) (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (internal quotation marks omitted)). To dismiss with prejudice under Rule 37(b), the court must find (1) the discovery violation was committed willfully or in bad faith; (2) the client is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect. *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008).

The record supports dismissal under both rules. As the magistrate judge thoroughly documented and the record clearly shows, Peters repeatedly and intentionally engaged in contumacious conduct by "refus[ing] to recognize the authority of the court and continuously assert[ing] her own interpretation of court orders as support for her obstructive tactics." She "obstructed her [first] deposition and then refused to complete the [second] deposition in violation of [the district court's] order." The record shows that Peters' contumacious conduct was willful, and that it both prejudiced defendant and caused delay by necessitating an extension of the discovery deadline.

Nor did the court err by dismissing the case in lieu of lesser sanctions. District courts should consider lesser sanctions before dismissal, and we cannot affirm dismissal unless the record shows that the district court employed lesser sanctions that proved to be futile. *Boudy v. McComb Sch. Dist.*, 168 F.4th 257, 265 (5th Cir. 2026). Here, the district court levied a fine against Peters for her earlier deposition-related conduct, repeatedly warned her about her ongoing use of AI-generated fake citations, and issued

numerous warnings that refusal to attend her deposition would result in dismissal.[4] These admonishments and lesser sanctions proved futile.

Finally, the district court did not violate Rule 72(b)(3) or 28 U.S.C. § 636(b)(1). A district court satisfies the requirement to review and accept a magistrate judge's recommendation when, as here, the court states it has reviewed the record, recommendation, and objections. *Kolwe v. Civ. & Structural Eng'rs, Inc.*, 858 F. App'x 129, 132 (5th Cir. 2021).

AFFIRMED.

---

[4] *See In re Deepwater Horizon*, 988 F.3d 192, 198 (5th Cir. 2021) ("Lesser sanctions include assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings") (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982) (internal citations omitted)).