IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2019

Lyle W. Cayce
Clerk

No. 18-30375

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties - Appellees

v.

CLAIMANT ID 100246928,

Objecting Party - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

O R D E R :

Claimant ID 100246928—a/k/a the Tampa Bay Buccaneers—asks this court to seal the courtroom where the team will argue its appeal on April 1. It also wants to bar public access to the recording of the argument that this court routinely makes available on its website. The team's motion is DENIED.

Until recently, this court filed *Deepwater Horizon* appeals under seal when they were first docketed. Even under that sealing order, however, the court ultimately unsealed many cases and the vast majority of appeals were argued in a public courtroom. Reflecting this determination that most BP cases did not warrant full sealing, an en banc order issued last month vacating the court's prior sealing order. As is the situation for other cases, parties in *Deepwater Horizon* cases must now justify sealing. The default is public access.

After that order issued, the Buccaneers succeeded in keeping the record and briefs sealed based on its concerns that the amount of revenue it receives from the NFL—a focus of this appeal—is proprietary.

But its request to seal the courtroom goes too far—by a longshot. "The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). Public confidence in the courts is the issue: How can the public know that courts are deciding cases fairly and impartially if it doesn't know what is being decided? *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 179 (5th Cir. 2011) (discussing the need for "openness" of court proceedings in the criminal context); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (noting same interest for attorney's fee dispute in civil case). Sealing a record undermines that interest, but shutting the courthouse door poses an even greater threat to public confidence in the justice system. "Open trials assure the public that procedural rights are respected, and that justice is afforded equally. Closed trials breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595 (1980) (Brennan, J., concurring).

The team cites three reasons it believes override this strong interest in transparency. None of them comes close to doing so.

It first says that the briefs discuss confidential financial data, which would "likely" come up at oral argument. But that type of proprietary information is present in all these BP cases—a claimant has to submit profit

and loss statements to get paid. Yet lawyers have argued these cases in open court multiple times during recent argument weeks without disclosing confidential revenue amounts. The judges have the data at their fingertips, so there is no need for a lawyer to mention the actual numbers.

Next the team contends that keeping the courtroom open would "gratify [BP's] private spite," "promote public scandal," and "harm [the team's] competitive standing." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting these potential interests in judicial secrecy). It recites an aside from BP's brief stating that the public would be "surprised to learn that a professional football team has claimed spill-related losses." Maybe so. But public "surprise" at a football team's seeking money from an oil-spill settlement is not in the same universe as the types of scandal or spite that warrant closing the courthouse door. *See, e.g.*, *id.* (mentioning these concerns in the context of "the painful and sometimes disgusting details of a divorce case" (quotation omitted)). Cases are heard in courtrooms every day addressing matters so much more sensitive than this dispute—workplace harassment, sex crimes, or child abuse to name just a few. Even in those cases the courtroom typically remains open to the public.

The Buccaneers' final justification is an expectation of secrecy the team says it had throughout the claim process. Under the classwide agreement, settlement program proceedings are confidential. But confidentiality agreements entered into by private parties, even if approved by the district court, do not bind this court. *Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002) (stating that notwithstanding prior confidentiality agreements, "any claim of secrecy must be reviewed independently in [the appellate] court"). Indeed, the standard letter that is sent to parties in this court states:

3

> Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal . . . . Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.

And there is a more fundamental reason that a sealing agreement by the parties should not bind a court. It is the *public* that has the right of access, so private litigants should not be able to contract that right away. Most litigants have no incentive to protect the public's right of access. Both sides may want confidentiality. Even when only one party does, the other may be able to extract a concession by agreeing to a sealing request (this type of tradeoff is common in settlement agreements). That is why it is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access.

At the end of the day, because this court has maintained confidential treatment of its financial statements, the Buccaneers' request for sealing the oral argument is based on nothing more than a desire to keep secret that it filed a *Deepwater Horizon* claim. The court will leave it to others to guess why the team is so concerned about public disclosure of its claim when numerous other BP claimants in the appeals inundating our court are not. Just three months into this year, at least ten *Deepwater Horizon* decisions naming the claimants have issued. Among them is one from another of Tampa Bay's professional sports franchises, the NHL's Lightning. *See Claimant ID 100248748 v. BP Expl. & Prod., Inc.*, 2019 WL 1306302 (5th Cir. Mar. 20, 2019). The court is unable to discern any reason for keeping secret the oil-spill claim of a football team when the claim of a hockey team (and of course those of numerous other businesses) is a public matter.

As is its right, Claimant ID 100246928 has used the federal courts in its attempt to obtain millions of dollars it believes BP owes because of the oil spill. But it should not able to benefit from this public resource while treating it like a private tribunal when there is no good reason to do so. On Monday, the public will be able to access the courtroom it pays for.

_____
GREGG J. COSTA
UNITED STATES CIRCUIT JUDGE