# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2022

Lyle W. Cayce
Clerk

No. 21-30001

JUNE MEDICAL SERVICES, L.L.C., *on behalf of its patients, physicians, and staff, doing business as* HOPE MEDICAL GROUP FOR WOMEN; JOHN DOE 1, M.D.; JOHN DOE 2, M.D.; DR. JOHN DOE 3, M.D.,

*Plaintiffs—Appellees*,

*versus*

COURTNEY PHILLIPS, *in her official capacity as Secretary of the Louisiana Department of Health and Hospitals*; JEFF LANDRY, *in his official capacity as Attorney General of Louisiana*; JAMES E. STEWART, SR., *in his official capacity as District Attorney for Caddo Parish*,

*Defendants—Appellants*,

*versus*

LEROY BRINKLEY; JOHN DOE 5,

*Movants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-444

Before Smith, Elrod, and Oldham, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

Louisiana[1] appeals the district court's order denying in part Louisiana's motion to vacate the district court's sealing orders. Among the sealed or redacted documents are a transcript of proceedings held in open court, a famous Pennsylvania grand jury report that is available as a book on www.amazon.com and that was adapted as a motion picture, an arrest report from a police department's public website, articles from *The New York Times* and *Rolling Stone*, and an obituary from a public website. We hold that the district court erred in sealing and ordering redaction of voluminous documents without a proper legal basis. We VACATE the sealing orders and issue a LIMITED REMAND for the district court to evaluate the sealing orders under the proper legal standard within 30 days.

I.

The plaintiffs are an abortion clinic and three doctors who provide abortions in Louisiana. In 2016, the plaintiffs filed this lawsuit challenging seven Louisiana laws that regulate abortion, including a law that requires doctors who provide abortions to be board-certified in obstetrics and gynecology or family medicine. The three doctor–plaintiffs simultaneously moved for an order allowing them to use pseudonyms. The district court granted that motion and entered a pseudonym order. The district court also entered a stipulated blanket protective order intended to "protect[] the confidentiality of information and facilitat[e] the exchange of documents and information between the parties." The protective order covers information "about the Plaintiffs . . . that could jeopardize the privacy of the staff, physicians, patients, and others associated with Plaintiffs," and "information

---

[1] The defendants are the Secretary of the Louisiana Department of Health and Hospitals, the Attorney General of Louisiana, and the District Attorney for Caddo Parish. Because these individuals are sued in their official capacities, we refer to them collectively as "Louisiana."

No. 21-30001

related to investigations conducted by or legal, disciplinary or other actions taken by the Louisiana Department of Health."

In 2018, Louisiana moved in the district court to review a magistrate judge's order quashing a subpoena to the Louisiana State Board of Medical Examiners. In a memorandum supporting its motion, Louisiana described and referred to publicly available documents that allegedly indicate that Louisiana doctors who provide abortions have high rates of professional disciplinary action. The plaintiffs responded by filing an emergency motion to strike, arguing that Louisiana had unlawfully "disclos[ed] the names and identities of two current Louisiana abortion providers" who were not subjects of the district court's pseudonym order.

The district court denied the plaintiffs' motion to strike, but summarily sealed Louisiana's filing (the first sealing order) and admonished Louisiana for its "carelessness." The documents sealed by the district court were a memorandum of law; a transcript of proceedings in open court; a Pennsylvania grand jury report that was unsealed and filed as a public record in Pennsylvania, that is available as a book on www.amazon.com, and that was adapted as a motion picture; public disciplinary orders available on the Board of Medical Examiners' website; an arrest report from the website of the Morgan City Police Department; and a license verification from the Board of Medical Examiners' website.

Louisiana moved to vacate the district court's sealing order and unseal the documents. It argued that public information was not sealable, that seeking to seal publicly available information constitutes sanctionable conduct, and that the district court erred by failing to evaluate the specific documents under the proper legal standards for protective orders and sealing orders.

No. 21-30001

The district court denied Louisiana's motion to vacate and unseal. The district court explained that Federal Rule of Civil Procedure 26(c) allows it to "seal documents" for "good cause." *See* Fed. R. Civ. P. 26(c)(1). Louisiana had "offered no explanation why it [was] necessary for these [publicly available] documents to remain unsealed, given the potential harm that may result" to the non-party physicians identified in the public documents if "their names [were] publicized." In other words, the district court denied Louisiana's motion because Louisiana had failed to show why publicly available information should *not* be sealed.

During a deposition in March 2019, Doe 2 admitted to failing to report the forcible rape of a fourteen-year-old girl, performing an abortion on a minor without parental consent or judicial bypass, and failing to maintain medical records. Louisiana alleged that Doe 2 admitted to multiple violations of Louisiana law, *see* La. Stat. Ann. § 14:403 (requiring mandatory reporters to report sexual abuse of a minor); La. Stat. Ann. § 40:1061.14 (requiring parental consent for abortions performed on minors); La. Stat. Ann. § 40:1061.19 (explaining records requirements for abortion facilities), and also that Doe 2 stated that Doe 5 had violated the standard of care for second-trimester abortions. Louisiana moved to de-designate portions of Doe 2's testimony as "confidential" pursuant to the district court's protective order. Louisiana argued that unsealing the deposition was in the public's interest and that Louisiana was required to refer evidence of criminal and professional misconduct to the appropriate authorities. The plaintiffs opposed Louisiana's motion to de-designate and moved to seal their opposition brief.

Louisiana wanted to add public documents to the record for evidence and argument but did not want to contravene the district court's interpretation of its sealing, protective, and pseudonym orders and also did not want to be sanctioned for seeking to seal public documents. So, Louisiana subsequently filed *pro forma* motions to seal the documents that it wanted to

No. 21-30001

add to the judicial record, outlined the governing legal standards, and argued that its *pro forma* motions should be denied and that the documents should not be sealed.

A magistrate judge entered a sealing order (the second sealing order). The sealed documents include public records, many of which are freely accessible online, judicial records that are accessible via PACER, articles from the *Journal of Medical Regulation*, *Christian Science Monitor*, *Rolling Stone*, *New York Times*, and *The Advocate*, excerpts from a book, a public order entered by the Eastern District of Louisiana in a related subpoena enforcement action, blank consent forms from a closed clinic, and correspondence regarding deposition scheduling. The magistrate judge also sealed a redacted brief that Louisiana proffered for public filing and publicly filed federal district court complaints submitted by Louisiana to show that doctors who provide abortions in surrounding states routinely litigate in their own names.

Two days after the magistrate judge's first bulk sealing order, the Supreme Court granted certiorari in *June Medical Services L.L.C. v. Gee*, 905 F.3d 787 (5th Cir. 2018), *rev'd*, 140 S. Ct. 2103 (2020). 140 S. Ct. 35 (2019) (granting certiorari).[2] Louisiana moved the district court for limited relief from the protective order to submit information to the Supreme Court relevant to the case and requested an expedited ruling. As the Supreme Court briefing deadline approached and the district court had not ruled, Louisiana petitioned this court for a writ of mandamus. While that petition was pending, the district court denied Louisiana's substantive motion for relief from the protective order. A panel of this court denied mandamus

---

[2] On January 25, 2019, this court denied Louisiana's motion to unseal the entire record. Order issued Jan. 25, 2019, *June Med. Servs. L.L.C.*, 905 F.3d 787 (No. 17-30397).

5

No. 21-30001

because the district court's order was a directly appealable collateral order. *In re Gee*, No. 19-30953, slip op. at 1 (5th Cir. Nov. 27, 2019).

Louisiana sought collateral review in this court of the district court's denial of Louisiana's motion for limited relief. We declined to decide for the Supreme Court what documents it "should consider in deciding" *June Medical*, 140 S. Ct. 2103, because "[t]hat decision is within the purview and prerogative of the [Supreme] Court." *June Med. Servs., L.L.C. v. Gee*, 788 F. App'x 280, 281 (5th Cir. 2019). We also noted, however, the "overbroad nature of the district court's protective order." *Id.*

In January 2020, the magistrate judge entered another bulk sealing order (the third sealing order), which sealed briefing on Doe 5's motion to quash. Louisiana opposed the motion, and because it supported its opposition with publicly available documents about doctors who provide abortions, Louisiana again—to comply with the protective order—moved *pro forma* to seal its own filings. Louisiana argued that Doe 5 publicly identified himself as an abortion provider in speeches, on his own website, to the press, and as a testifying expert in an abortion case.

The magistrate judge sealed all of the documents at issue, including newspaper articles, online news reports, public records available from the Board of Medical Examiners' website about non-party abortion providers, a journal article, a public court order, the sealing order itself, and a pleading that no one asked be sealed. Louisiana moved in the district court for review of the magistrate judge's sealing order because, as Louisiana argued, the sealing order reflected "a *per se* abuse of discretion by sealing vast swaths of documents without the required factual findings, legal analysis, or weighing of the public's right of access to judicial records," and because sealing of public information is not supported by law.

No. 21-30001

In November 2020, the district court entered the order at issue in this appeal—a ruling on Louisiana's challenges to the first, second, and third sealing orders. The district court acknowledged our description of its protective order as "overbroad," then-recent decisions of this court stressing the public's "common law right to inspect and copy judicial records," *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (citation omitted), and this court's precedents requiring district courts to exercise their discretion to seal "charily," *id.* at 225 (citation omitted). The district court also explained the need to balance the "legitimate public concern" attendant to "litigation regarding access to abortion services" with the "genuine need to protect the identities of the abortion providers in this case."

The district court identified twenty different categories of disputed sealed documents. It then separated the categories into two groups. The first group contained these categories: court filings in this case, a transcript of proceedings in this case, correspondence between counsel, publicly available articles, documents from the Louisiana Secretary of State's website, information regarding published books, orders from the district court for the Eastern District of Louisiana, court documents from other cases, online information regarding abortion clinics, a publication from the Knights of Columbus, a public records request, and a Declaration of a Records Custodian.

Even though, as the district court acknowledged, "[m]uch of this information is already publicly available," the district court ordered substantial redaction of the documents in this group. For example, Louisiana was required to redact "sensitive information that could jeopardize the privacy of the staff, physicians, patients, and others associated with Plaintiffs." Louisiana had sixty days to comply with the redaction requirements, and it did comply.

No. 21-30001

The district court's second group of documents was composed of these categories: a public obituary for a doctor who provided abortions, arrest reports available on public websites, deposition testimony, documents from the Louisiana Department of Health and Hospitals, documents from the Louisiana State Board of Medical Examiners, documents identifying abortion providers or staff, documents regarding medical information of patients, and an incident investigation report. For documents within this group, the district court ordered that they "remain sealed as information falling squarely within the Protective Order."

Louisiana appealed.[3]

## II.

We have jurisdiction over this interlocutory appeal for two independent reasons. First, we have jurisdiction because "sealing and unsealing orders . . . are reviewable . . . under the collateral order doctrine."

---

[3] Notably, although Louisiana asks us to order the district court to unseal certain documents, it has not sought to unseal those documents directly in this court. When presented with an appeal, we routinely unseal documents that were sealed in the district court when those documents are used on appeal and there is no legal basis for sealing. *See, e.g.*, Order issued Nov. 13, 2019, *Landreneau v. Baker Hughes A G E Co.*, 801 F. App'x 919 (5th Cir. 2020) (No. 19-30512). Indeed, we often do this *sua sponte*. *See, e.g.*, *id.* In *Landreneau*, the district court sealed parts of the record pursuant to a stipulated protective order "in an effort to accommodate the defendant's concerns about its trade secrets becoming public." Appellant's Letter filed Oct. 10, 2019, at 1, *Landreneau*, 801 F. App'x 919 (No. 19-30512). Notwithstanding the stipulated protective order in that case, this court denied the appellant's unopposed motion to place record excerpts under seal and ordered that the record excerpts be unsealed. *See* Order, *Landreneau*, *supra*. Indeed, when parties in this court seek to file documents under seal on appeal, the clerk's office sends them a standard letter that requires them to "explain in particularity the necessity for sealing in this court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019).

No. 21-30001

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 448 (5th Cir. 2019); *see also Bradley*, 954 F.3d at 223 (explaining that appeals of sealing and unsealing orders fall within the collateral-order doctrine). Second, we have jurisdiction under the law-of-the-case doctrine. "The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.'" *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (quoting *United States v. Castillo*, 179 F.3d 321, 326 (5th Cir. 1999)). In a prior dispute regarding one of the orders at issue in this appeal, we noted that the district court's order was "directly reviewable on appeal." *In re Gee*, No. 19-30953, slip op. at 1 (5th Cir. Nov. 27, 2019). We therefore have jurisdiction over this direct appeal of the district court's order at this "subsequent stage[]." *Med. Ctr. Pharmacy*, 634 F.3d at 834 (citation omitted).

### III.

"Appellate review of a motion to seal or unseal documents is for abuse of discretion." *Vantage Health Plan*, 913 F.3d at 450. "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Bradley*, 954 F.3d at 224 (citation omitted). We have held that a district court abuses its discretion in sealing or unsealing documents when it fails to identify and apply the proper legal standard and when it fails to provide sufficient reasons for its decision to enable appellate review. *See United States v. Sealed Search Warrants*, 868 F.3d 385, 396–97 (5th Cir. 2017); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993).

Here, the district court failed to heed our instructions. First, the district court misapprehended the nature and extent of the public's right to judicial records. "Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d

410, 417 (5th Cir. 2021). And "[t]he public's right of access to judicial records is a fundamental element of the rule of law." *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). "The public has an interest in transparent court proceedings that is independent of the parties' interests." *In re Gee*, No. 19-30953, slip op. at 8 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted). This right "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)). Accordingly, we heavily disfavor sealing information placed in the judicial record. *See Vantage*, 913 F.3d at 450–51.[4]

"[T]he rationale for public access is even greater" where, as here, the case "involve[s] matters of particularly public interest." *Bradley*, 954 F.3d at 233 (citation omitted); *see also Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.").[5]

In the context of publicly available documents, those *already* belong to the people, and a judge cannot seal public documents merely because a party

---

[4] *See also* the Hon. Gregg Costa, *Federal Appellate Judge: Too Many Sealed Documents*, Nat'l Law J. (Feb. 15, 2016) ("[The] unjustified sealing of court records happens all too often.").

[5] The party doctors' request for anonymity is itself an unusual practice. Abortion providers regularly litigate under their own names. *See, e.g.*, *Planned Parenthood of Wis., Inc. v. Kaul*, 384 F. Supp. 3d 982, 984 (W.D. Wis. 2019), *aff'd*, 942 F.3d 793 (7th Cir. 2019) (involving a case brought by Dr. Kathy King, Natalee Hartwig, Sara Beringer, and

No. 21-30001

seeks to add them to the judicial record. We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public. *See Le*, 990 F.3d at 421. We will abide no such absurdity.

Publicly available information cannot be sealed. In so holding, we align with the Supreme Court and our sister circuits. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("[A] protective order prevents a party from disseminating *only* that information obtained through use of the

---

Katherine Melde, on behalf of themselves and their patients); *Little Rock Fam. Plan. Servs. v. Rutledge*, 397 F. Supp. 3d 1213, 1220 (E.D. Ark. 2019) (granting preliminary injunction to Dr. Thomas Tvedten, on behalf of himself and his patients), *aff'd*, 984 F.3d 682 (8th Cir. 2021), *petition for cert. filed*, No. 20-1434 (U.S. Apr. 13, 2021); *Robinson v. Marshall*, 415 F. Supp. 3d 1053, 1055 (M.D. Ala. 2019) (granting injunction to Dr. Yashica Robinson, on behalf of her patients); *Whole Woman's Health v. Paxton*, No. 17-CV-690, 2017 WL 11606683, at *1–2 (W.D. Tex. Aug. 15, 2017) (denying pseudonym request and noting that "[w]hat transpires in the courtroom is public property" (alteration in original) (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981))). They also—as licensed professionals—operate under their own names and are often already known or knowable by other means. For example, Doe 2 acknowledged in his deposition that "you can find out from the internet that [he provides] abortions" and he has submitted public declarations in past abortion litigation.

Furthermore, this court does not usually allow parties to proceed anonymously based on generalized concerns. For example, we affirmed this district court's denial of a police officer's request to proceed as an anonymous plaintiff. *See Doe v. Mckesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019), *vacated on other grounds*, 141 S. Ct. 48 (2020). That officer argued that "the public nature of his job put[] him and his family in danger of additional violence," and he listed examples of acts of violence perpetrated against police officers for political reasons. *Id.* That was not enough. We approved of the district court's rejection of that argument because "the incidents Officer Doe listed did not involve Officer Doe and were not related to this lawsuit." *Id.* Indeed, "Officer Doe conceded that he had received no particularized threats of violence since filing his lawsuit." *Id.*

The district court went even further in this case. It also sealed or redacted information related to non-parties, including doctors, without a showing that their interests in anonymity outweigh the First Amendment interests at stake.

discovery process. Thus, [a litigant] may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes." (emphasis added)); *United States v. Pearson*, 340 F.3d 459, 465 (7th Cir. 2003) ("[O]nce the identity of the unindicted coconspirator became [publicly] known, the indictment should have been unsealed . . . ."), *vacated on other grounds sub nom. Hawkins v. United States*, 543 U.S. 1097 (2005); *Washington Post v. Robinson*, 935 F.2d 282, 291–92 (D.C. Cir. 1991) (vacating order granting a motion to seal where the information was publicly available); *see also In re Violation of Rule 28(D)*, 635 F.3d 1352, 1359–60 (Fed. Cir. 2011) (sanctioning counsel for seeking to seal information that was publicly available). On remand, the district court shall not seal or order redaction of any publicly available documents or information.

The district court here also used the wrong legal standard for sealing documents. Different legal standards govern protective orders and sealing orders. Protective orders require a finding of "good cause" by the district court and apply to documents produced in discovery. *Le*, 990 F.3d at 419 (quoting Fed. R. Civ. P. 26(c)(1)). "At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper." *Id.* at 420. "But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.* Sealing judicial records and blocking public access require a "stricter balancing test." *Id.* at 419. To decide whether something should be sealed, the court must undertake a "'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (quoting *Vantage*, 913 F.3d at 451; *Bradley*, 954 F.3d at 225). "Under both standards, the working presumption is that judicial records should not be sealed." *Le*, 990 F.3d at 419. "[C]ourts should be ungenerous with their discretion to seal judicial records . . . ." *Id.*

at 418. And, to the extent that any sealing is necessary, it must be "congruent to the need." *Id.* at 420.

Here, the district court's only justification for sealing entire categories of documents was that those documents "fall[] squarely within the Protective Order." That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*. *See Le*, 990 F.3d at 420. The district court thus provided no valid legal basis for sealing these documents. By failing to "articulate any reasons that would support sealing" those documents, the district court erred. *Id.* at 419 (quoting *Van Waeyenberghe*, 990 F.2d at 849).

The district court also erred by failing to evaluate all of the documents individually. *See id.* It is the solemn duty of the judge to scrupulously examine each document sought to be sealed. *See Leopold*, 964 F.3d at 1134 ("Providing public access to judicial records is the duty and responsibility of the Judicial Branch.").[6] It is not easy, but it is fundamental.

\*      \*      \*

The district court's sealing orders are VACATED. We issue a LIMITED REMAND for the district court to evaluate the sealing orders under the proper legal standard within 30 days of the issuance of this opinion. We will retain jurisdiction over this case pending the district court's resolution of this dispute.

---

[6] With regard to deposition testimony, the district court should reconsider its blanket sealing order and instead consider the option to unseal the testimony with appropriate redactions. *Cf.* Order issued Aug. 30, 2017, *Planned Parenthood of Greater Tex. Fam. Plan. & Preventative Health Servs., Inc. v. Smith*, 913 F.3d 551 (5th Cir. 2017) (No. 17-50282) (granting motion to unseal in part and ordering party to file redacted version of video that "blurs the faces of individuals who are not Planned Parenthood staff members").