# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2022

Lyle W. Cayce
Clerk

No. 21-30001

JUNE MEDICAL SERVICES, L.L.C., *on behalf of its patients, physicians, and staff, doing business as* HOPE MEDICAL GROUP FOR WOMEN; JOHN DOE 1, M.D.; JOHN DOE 2, M.D.; DR. JOHN DOE 3, M.D.,

*Plaintiffs—Appellees*,

*versus*

COURTNEY PHILLIPS, *in her official capacity as Secretary of the Louisiana Department of Health and Hospitals*; JEFF LANDRY, *in his official capacity as Attorney General of Louisiana*; JAMES E. STEWART, SR., *in his official capacity as District Attorney for Caddo Parish*,

*Defendants—Appellants*,

*versus*

LEROY BRINKLEY; JOHN DOE 5,

*Movants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-cv-444

Before Smith, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:*

On January 7, 2022, we issued a limited remand directing the district court to "evaluate the sealing orders under the proper legal standard within 30 days." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521–22 (5th Cir. 2022). The district court then directed the parties to confer and file a joint memorandum on agreed-upon unsealings and documents subject to further disagreement. The parties did so. They stipulated to the status of 154 of the 177 documents: 150 to be unsealed entirely, 2 to remain sealed, and 2 to be redacted. Accordingly, the district court entered an order unsealing the 150 agreed-upon documents and conducting the requisite line-by-line sealing analysis for the remaining documents, including the 23 documents still in dispute.

The parties returned to our court, and we directed them to file letter briefs. In its letter brief, Louisiana contends that we should unseal all but four of the currently sealed documents—in effect removing the pseudonym order. The plaintiffs, by contrast, argue that we should simply dismiss the appeal and leave the sealed documents undisturbed.

We generally agree with Louisiana. We therefore remand the case to the district court with the following instructions. All information regarding non-parties (including non-party patients and non-party employees) should remain redacted. The following four documents should also remain sealed: (1) Dkt. No. 273-3, ROA.6368–70; (2) Dkt. 289-14, ROA.8432–34; (3) Dkt. No. 247-4, ROA.4376–87; and (4) Dkt. No. 272-51, ROA.6256–69. The remainder of the disputed documents should be unsealed, as the State has argued. *See, e.g.*, *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416–21 (5th

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30001

Cir. 2021); *June Med. Servs.*, 22 F.4th at 519–22; *Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008); 2 Moore's Federal Practice – Civil § 10.02[c][i] (2022). The parties have seven days to comply with this order and to ensure that the appropriate documents are sealed, unsealed, or redacted as specified above.

REMANDED WITH INSTRUCTIONS.