# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2024

Lyle W. Cayce
Clerk

———————

No. 22-50707

———————

Sealed Appellant,

*Plaintiff—Appellant*,

*versus*

Sealed Appellee,

*Movant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-727

———————————————————

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.
Per Curiam:[*]

Plaintiff sued Defendant for allegedly posting explicit pictures of Plaintiff online and otherwise harassing Plaintiff and her family. Plaintiff and Defendant have since settled, but we must still address whether the district court abused its discretion by unsealing the case. Because the district court applied an incorrect standard for determining when judicial records may be sealed, we vacate and remand.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50707

## I.

Plaintiff and Defendant[1] engaged in an affair for approximately a year. Plaintiff ultimately ended the affair. She alleges, however, that Defendant retaliated by harassing Plaintiff and her family, including by posting sexually explicit images of Plaintiff online. Plaintiff sued Defendant for public disclosure of private facts and intrusion on seclusion, later amending her complaint to also include claims against the adult websites Defendant allegedly used to post explicit images. Plaintiff requested and received both a temporary restraining order and a temporary injunction against Defendant.

After she filed her original complaint and the district court granted the TRO, Plaintiff moved to seal the case, citing the "nature and content of documents on file," the "anticipated filing" of exhibits "depicting pornographic images" and "sexually-related texts and messages," and "reference[s] . . . in pleadings or materials on file" to Plaintiff's family, including her daughter. The district court granted the motion, ordering that all pleadings and documents on file in the case—including all future filings—be sealed. Nonetheless, some case documents were published online on legal websites and databases. When Plaintiff discovered this, she asked the district court to issue an order preventing the websites from publishing the information. Defendant opposed the motion and moved to unseal the case. The district court denied Plaintiff's motion to prevent publication, but it also denied Defendant's motion to unseal, noting that the case would remain sealed with attorney-only electronic access. Defendant later moved again to unseal. The district court largely denied this request, granting only in part to

---

[1] We refer to the original parties as "Plaintiff" and "Defendant" to maintain the status quo pending the district court's determination on remand. For simplicity, we use "Defendant" to refer only to the original defendant, rather than the adult-website defendants.

allow parties and attorneys electronic access to certain documents but continuing to completely restrict public access.

Professor Eugene Volokh then moved to intervene. Volokh is a law professor who specializes in the First Amendment and desires to write about this case. He explained that this case came to his attention after one of the district court's orders turned up in a scheduled daily Westlaw search for cases mentioning sealing and the First Amendment. Volokh sought permission to intervene so he could move to unseal.

The district court vacated its sealing order and ordered that all filings be unsealed. The district court stated that it originally granted Plaintiff's motion to seal primarily on the basis that some filings would include "lewd or graphic sexually explicit photographs." However, the district court explained that, after evaluating each document line-by-line, the filings for the most part reflected "procedural and administrative information" and did not justify sealing. Nor did any filings contain information that was "lewd or graphic." In addition, though the allegations in the parties' pleadings contained "unpleasant, embarrassing, and distasteful information," the parties' claims and counterclaims contained nothing "sufficiently lewd or graphic" to merit sealing them. The district court also warned Defendant that he could not "file any documents that contain[ed] lewd or graphic information about Plaintiff."

Plaintiff appealed. She has since settled her claims against Defendant, but we must still determine whether the case should remain under seal. The district court stayed its unsealing order pending appeal. This court additionally granted Plaintiff's motion to seal the appeal.

## II.

The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978).[2] "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).[3] Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*

This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, FED. R. CIV. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g.*, *BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away. . . . [I]t is for judges, not litigants, to decide whether the justification

---

[2] There is also "a clear and strong First Amendment interest" in protecting access to courtroom proceedings, at least in many criminal contexts. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). *See also id.* at 185 n.10; *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 7–10 (1986); *United States v. Ahsani*, 76 F.4th 441, 447 (5th Cir. 2023).

[3] Plaintiff does not contest the threshold issue of whether the case documents qualify as judicial records. *See United States v. Sealed Search Warrants*, 868 F.3d 385, 396 n.4 (5th Cir. 2017).

No. 22-50707

for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.

In *Nixon v. Warner Communications, Inc.*, the Supreme Court observed that courts have denied access to judicial records when those files "might have become a vehicle for improper purposes," such as when records are "used to gratify private spite or promote public scandal." 435 U.S. at 598 (quoting *In re Caswell*, 29 A. 259, 259 (R.I. 1893)). This certainly includes lewd or graphic images. But "lewd or graphic" material does not constitute the upper limit for what courts may seal or redact. Of course, courts may not seal information merely because it could "lead to a litigant's embarrassment." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).[4] Many cases of a sensitive nature are typically open to the public. *Cf. BP Expl. & Prod.*, 920 F.3d at 211. However, a standard that rests solely on whether material is "lewd or graphic" is underinclusive.

That said, public information cannot be sealed. *June Med. Servs.*, 22 F.4th at 520. And the district court must also consider whether alternative measures, such as redaction or pseudonymity, would instead sufficiently protect the privacy interests at issue. *See, e.g., United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (noting that redaction is often, but not always, "practicable and appropriate as the least restrictive means of safeguarding sensitive information").[5]

---

[4] Nor is a nonparty child's potential embarrassment sufficient to justify sealing information about his or her parents. Such a rule would swallow the general presumption against sealing.

[5] District courts should also keep in mind other tools at their disposal to keep bad-faith litigants in check, such as Rule 11 sanctions or striking material from the record under Rule 12(f). *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1364–65 (11th Cir. 2021); *Brown v. Maxwell*, 929 F.3d 41, 51–52 (2nd Cir. 2019).

No. 22-50707

Like with sealing and redaction, the pseudonymity analysis requires the court to balance the private and public interests—even if the parties agree to stay anonymous. Not many federal appellate courts have yet addressed pseudonymity in the context of revenge pornography. *But see Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) (instructing the district court to consider on remand whether revenge-pornography plaintiff should be allowed to proceed pseudonymously). However, there is "no hard and fast formula for ascertaining whether a party may sue anonymously," and "[t]he decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Parties may not "proceed anonymously based on generalized concerns." *June Med. Servs.*, 22 F.4th at 520 n.5. And courts should reevaluate pseudonymity as the litigation moves along. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 73 (1st Cir. 2022); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

In vacating its sealing order, the district court correctly concluded that this case should not be sealed on a wholesale basis. However, the district court then applied a standard that too narrowly defined the privacy interests that could justify sealing, and it failed to explain why any other asserted privacy interests did not outweigh the presumption of public access.

At minimum, all filings should be redacted for consistency with Federal Rule of Civil Procedure 5.2(a), which generally requires parties to partially redact information such as Social Security numbers, financial account numbers, birth dates, and names of minor children. In this case, it is also clear that the balance of interests favors redacting material such as the names of any additional family members, along with addresses and any other contact information for Plaintiff and her family.

6

No. 22-50707

If Plaintiff desires any additional material sealed or redacted, on remand she should identify each specific document or piece of information and explain why each satisfies the analysis described above.[6]

The district court should also consider whether this case merits allowing Plaintiff to use a pseudonym—even retroactively—and whether Plaintiff timely filed her motion to seal. At oral argument, Volokh stated that he has no objection to retroactively pseudonymizing the record.[7] As discussed above, however, the parties' consent does not end the analysis when determining whether pseudonymization is appropriate. Instead, the court must conduct its own balancing of the public and private interests at stake. We express no view on that issue, leaving it for the district court to address in the first instance.

We vacate the district court's unsealing order and remand to the district court for proceedings consistent with this opinion.[8]

---

[6] For example, at oral argument, Volokh stated that he would not object to redacting pictures of Plaintiff. Plaintiff has also pointed to material about Plaintiff's husband and daughter in Defendant's discovery requests.

[7] Volokh added the caveat that pseudonymizing the record would not require him to pseudonymize his own writings to the extent that information about this case is already in the public domain. *See*, *e.g.*, *Fla. Star v. B.J.F.*, 491 U.S. 524, 541 (1989) ("[W]here a newspaper publishes truthful information which it has lawfully obtained, punishment may lawfully be imposed, if at all, only when narrowly tailored to a state interest of the highest order.").

[8] Nothing in this opinion merits sealing or redaction. It will therefore be made available to the public. Nor should the appellate briefs be sealed. Before the appeal is unsealed, however, Plaintiff may propose specific redactions in light of this opinion.